IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                               PLAINTIFF/RESPONDENT

v.                    Civil No. 91-40010

TODD E. MATTHEWS                                            DEFENDANT/MOVANT

**ORDER DENYING MOTION**
**FOR REDUCTION OF SENTENCE**

Pending before this court is the motion of the defendant/movant Todd E. Matthews (hereinafter "Matthews") for reduction of sentence. (Doc. #158) The United States filed a response to the motion on June 29, 2006. (Doc. #161)

**Procedural History:**

On September 15, 1992, Matthews was sentenced, pursuant to guilty pleas, on charges of distributing cocaine base and money laundering. (Doc. #65) He was sentenced to consecutive terms of imprisonment of 240 and 120 months, respectively. (Doc. #72) On appeal, the United States Court of Appeals vacated the district court's relevant conduct determination concerning the weight of crack cocaine involved and remanded for a new sentencing hearing; vacated the district court's denial of an acceptance of responsibility reduction and remanded for a reexamination of the issue; and, vacated the two-level enhancement for possession of a weapon during a drug-related offense and remanded for a determination, based upon the existing record, of whether the United States "established the required nexus between Matthew's firearm possession and the offenses of conviction..." *Matthews v. United States*, 5 F.3d 1161, 1166 (8th Cir. 1993)

On November 18, 1993, Matthews appeared before this court for resentencing. (Doc. #89) At resentencing:

> The government conceded that the average weight of a rock of cocaine was .1 gram, making the introduction of any additional evidence on that issue unnecessary. The district court then recalculated the weight of cocaine attributable to the offense of conviction at less than two grams, resulting in a base offense level of 18 and a sentencing range of 27 to 33 months. The district court went on to find, by clear and convincing evidence, that the weight of cocaine attributable to Matthews for the purposes of relevant conduct exceeded 1.5 kilograms.

*United States v. Matthews*, 29 F.3d. 462, 463 (8th Cir. 1994). This yielded an offense level of 38.

The "government conceded that there was no basis for enhancement for possession of the weapon." *Id.* The court awarded a two level "acceptance of responsibility" reduction (38-2=36) and added a four level increase for Matthews' leadership role. Accordingly, the offense level on the drug charge was 40 (36+4=40).

The court proceeded to sentence Matthews to 240 months of imprisonment on the drug charge. Matthews was sentenced to a term of 51 months imprisonment on the money laundering charge and the sentences were ordered to run consecutively. (Doc. #90)

Matthews appealed but the judgment was affirmed. *Id.*

On June 13, 1995, Matthews filed herein a motion to vacate, set aside or correct sentence pursuant to *28 U.S.C. § 2255*. (Doc. #99) A hearing on the motion was conducted on December 1, 1995, after which the motion was dismissed by judgment entered on January 12, 1996. (Doc. #126) The dismissal was affirmed on appeal. *United States v. Matthews,* 114 F.3d 112 (8th Cir. 1997).

On July 9, 2001 (Doc. #154) and June 8, 2005 (Doc. #156) this court was notified that

Matthews had petitioned the United States Court of Appeals for the Eighth Circuit seeking authorization to file successive habeas applications. These requests were denied. (Doc. #115, 157)

Now before the court is Matthews' motion to reduce sentence. (Doc. #158)

**Discussion:**

*18 U.S.C. §3582(c)(2)* provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statement.

In his motion, Matthews correctly points out that by retroactive amendment, *Amendment 505*, the Sentencing Commission reduced to level 38 the highest base level that may be assessed for drug quantity. *See U.S.S.G. App. C, amend. 505*, made retroactive my *U.S.S.G. § 1B1.10(c)*. *See United States v. Jenkins*, 141 F.3d 850 (8th Cir. 1998). However, the record reflects that, in fact, at resentencing, Matthews was assessed an offense level of 38 based upon the court's finding of drug quantity. In fact, although at the time Matthews' *original sentencing*, the highest permissible base offense level was 42, Matthews was never assessed higher than a base offense level of 38.[1]

Matthews goes on to assert that the offense level of 38 should have been reduced by four levels due this court's finding that in excess of 1.5 kilograms of crack cocaine was attributable

---

[1] At the original sentencing, *this same base offense level, 38*, then based upon a drug quantity of 2.994 kilograms of cocaine base, was used.

to Matthews and not more. Matthews presents no authority of this contention and clearly, the court's findings as to drug quantity and relevant conduct were accurately reflected in the base offense level of 38. Further, the court of appeals reviewed this court's findings and calculations in resentencing and found them to be without error:

> The government conceded that the average weight of a rock of cocaine was .1 gram, making introduction of any additional evidence on that issue unnecessary.
>
> The district court then recalculated the weight of cocaine attributable to the offense of conviction at less than two grams, resulting in a base offense level of 18 and a sentencing range of 27 to 33 months. The district court went on to find, by clear and convincing evidence, that the weight of cocaine attributable to Matthews for the purposes of relevant conduct exceeded 1.5 kilograms. After making the necessary adjustments to reflect the elimination of the weapon enhancement factor, the acceptance of responsibility reduction, and the enhancement for Matthews' leadership role, the offense level on the drug charge stood at 40. The adjusted offense level on the money laundering charge was 22. Given Matthews' criminal history score of I, the guideline range on the drug charge was 292 to 365 months, and from 41 to 51 months on the money laundering charge. After grouping the offenses under the provisions of section 3D1.2(d) of the Guidelines, the district court imposed a sentence of 291 months.
>
> In making its findings, the district court, noting the fact that the relevant conduct chargeable to Matthews by the Guidelines resulted in a many-fold (approximately a nine-fold, according to Matthews) increase in the sentence, reviewed the evidence regarding the crack cocaine attributable to Matthews under the clear and convincing standard of proof. Likewise the district court carefully weighed the evidence in the light of Matthews' Confrontation Clause argument and determined that the evidence, after giving Matthews the benefit of every doubt, supported a finding that the amount of cocaine chargeable to Matthews exceeded 1.5 kilograms in weight...

*United States v. Matthews*, 29 F.3d at 463.

Finally, in his pending motion, Matthews does not take issue with this courts two level reduction for acceptance of responsibility and four level increase for his leadership role.

**Conclusion:**

In his pending motion, Matthews asserts that he should be given the benefit of retroactive

application of the sentencing amendment. Because this court, in fact, utilized the base offense level of 38, the level now advocated by Matthews, and, because this court's guideline calculations are without error, Matthews is entitled to no relief.

Accordingly, the motion for reduction of sentence should be and is denied.

IT IS SO ORDERED this the 1st day of September 2006.

/s/ Bobby E. Shepherd
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)