```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   TEXARKANA DIVISION
```

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

          **v.**          **Criminal NO. 91-40010**

**TODD E. MATTHEWS**                                                      **DEFENDANT**

### O R D E R

    Now on this 2nd day of July, 2008, comes on for consideration the mandate issued by the Eighth Circuit Court of Appeals remanding defendant's **Motion for Reduction of Sentence (Doc. 158)** for further proceedings. Also before the Court are subsequent **Motions for Reduction of Sentence** filed by defendant pro se and by defendant's appointed counsel **(Docs. 170, 173, 178)**. The Court also has before it two **Motions (Docs. 174, 175)** filed by defendant in which he seeks to proceed pro se and to dismiss his appointed counsel. The Court, being well and sufficiently advised, finds and orders as follows:

    1. The Magistrate Judge issued an order on September 1, 2006, denying defendant's **Motion for Reduction of Sentence (Doc. 158.)** On April 8, 2008, the Eighth Circuit found that the Magistrate Judge was authorized to enter proposed findings of fact and recommendations regarding the motion, but was not authorized to enter an order denying the motion. The Eighth Circuit, therefore, remanded the motion to this Court for further proceedings. The Court has reviewed the motion, the Government's response (Doc. 161), and defendant's reply (Doc. 162), and finds that the **Motion**

**(Doc. 158)** should be and hereby is **DENIED** for the reasons stated by the Magistrate Judge.

2. With regard to the subsequent **Motions for Reduction of Sentence** filed by defendant pro se and by defendant's appointed counsel **(Docs. 170, 173, 178)**, these motions are **GRANTED** to the extent that defendant's offense level will be reduced by two levels based on the retroactive changes in the United States Sentencing Guidelines with regard to crack cocaine. A separate order will be entered reflecting this reduction. The motions are **DENIED** in all other respects, as the other sentencing issues raised by defendant may not be raised in a motion for reduction of sentence filed under 18 U.S.C. § 3582(c)(2). See United States v. Outlaw, 2008 WL 2443374, *1 (4th Cir. June 18, 2008) (3582(c)(2) authorizes a district court to reduce a sentence only where the sentencing range has subsequently been lowered by the Sentencing Commission).

3. Finally, defendant's **Motions (Docs. 174, 175)** to proceed pro se and to dismiss his appointed counsel are **DENIED** as moot, as the Court has considered the filings of both defendant and his appointed counsel.

    **IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
    **JIMM LARRY HENDREN**
    **UNITED STATES DISTRICT JUDGE**